*EXHIBIT A*

**CT Corporation**

**Service of Process Transmittal**
11/12/2020
CT Log Number 538576769

| | |
|---|---|
| **TO:** | Chris Camp<br>National Administration Company, Inc.<br>16476 WILD HORSE CREEK RD<br>CHESTERFIELD, MO 63017 |
| **RE:** | Process Served in Delaware |
| **FOR:** | Med-Sense Guaranteed Association  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lucas Horton, Pltf. vs. Med-Sense Guaranteed Association, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # JS2000320D |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/12/2020 at 12:20 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/12/2020, Expected Purge Date: 11/17/2020<br><br>Image SOP<br><br>Email Notification,  Karen Boeker  karen_boeker@AJG.com<br><br>Email Notification,  Chris Camp  chris_camp@ajg.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Trust Company<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of  1 / AK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Nov 12, 2020

**Server Name:** Stephen Kempski

| | |
|---|---|
| Entity Served | MED-SENSE GUARANTEED ASSOCIATION |
| Agent Name | THE CORPORATION TRUST COMPANY |
| Case Number | |
| Jurisdiction | DE |



THE STATE OF TEXAS

TO THE DEFENDANT: MED SENSE GUARANTEED ASSOCIATION THE CORPORATION TRUST COM

YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY TO HELP YOU IN DEFENDING AGAINST THIS LAWSUIT. BUT YOU ARE NOT REQUIRED TO EMPLOY AN ATTORNEY. YOU OR YOUR ATTORNEY MUST FILE AN ANSWER WITH THE COURT. YOUR ANSWER IS DUE BY THE END OF THE 14TH DAY AFTER THE DAY YOU WERE SERVED WITH THESE PAPERS. IF THE 14TH DAY IS A SATURDAY, SUNDAY, OR LEGAL HOLIDAY, YOUR ANSWER IS DUE BY THE END OF THE FIRST DAY FOLLOWING THE 14TH DAY THAT IS NOT A SATURDAY, SUNDAY, OR LEGAL HOLIDAY. DO NOT IGNORE THESE PAPERS. IF YOU DO NOT FILE AN ANSWER BY THE DUE DATE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. FOR FURTHER INFORMATION, CONSULT PART V OF THE TEXAS RULES OF CIVIL PROCEDURE, WHICH IS AVAILABLE ONLINE AND ALSO AT THE COURT LISTED ON THIS CITATION.

IF YOU FAIL TO FILE AN ANSWER, JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION. A COPY OF PLAINTIFF'S PETITION IS ATTACHED HERETO AND MADE A PART HEREOF AS THOUGH WRITTEN IN.

GIVEN UNDER MY HAND OFFICIALLY, THIS NOVEMBER 10, 2020.

Margaret O'Brien
YRC
JUDGE MARGARET O BRIEN
JUSTICE OF THE PEACE
PRECINCT 2 PLACE 1
DALLAS COUNTY

DOCKET NO: JS20-00320D

SUIT DESCRIPTION:
SEE PETITION

PLAINTIFF(S):
HORTON, LUCAS
1202 STRATFIRD DR
RICHARDSON, TX 75080
(214)  909  3341

VS.

DEFENDANT(S):
MED SENSE GUARANTEED ASSOCIATION
THE CORPORATION TRUST COMPANY
1209 ORANGE ST
CORPORATION TRUST CENTER
WILMINGTON, DE 19801
(800)  992  8044

FILED ON: 11-10-2020

CITATION ISSUED: 11-10-2020
CITATION ISSUED TO
PL/OCC/YRC

CITATION
IN THE JUSTICE COURT

MARGARET O BRIEN
JUSTICE OF THE PEACE
PRECINCT 2, PLACE 1
DALLAS COUNTY
140 N. GARLAND AVE.
GARLAND, TEXAS 75040
(214) 643-4773

**STATEMENT OF CLAIMS**      Case No. _____
**SMALL CLAIMS COURT OF DALLAS COUNTY, TEXAS**      Precinct/County _____
     Receipt No. _____

**PLAINTIFF(S):** Lucas Horton
**STREET ADDRESS:** 1202 Stratford Dr
**CITY, STATE, ZIP CODE:** Richardson, TX 75080
**HOME PHONE:** 214 909 3341
**BUSINESS PHONE:** _____

**VS.**

**DEFENDANT(S):** Med Sense Guaranteed Association
**STREET ADDRESS:** 917 Clocktower Drive, Suite 100
**CITY, STATE, ZIP CODE:** Springfield, IL 62704
**HOME PHONE:** _____
**BUSINESS PHONE:** 800) 992-8044

**PERSON(S) TO BE SERVED:** THE CORPORATION TRUST COMPANY
**STREET ADDRESS:** CORPORATION TRUST CENTER 1209 ORANGE ST
**CITY, STATE, ZIP CODE:** WILMINGTON, DE 19801
**PHONE:** 302-658-7581

*********************************************************************

_X_ Defendant(s) is/are justly indebted to Plaintiff in the sum of $ 7500, along with Costs of court for the following reason(s). See Attached

**OR**

____ Defendant(s) is/are justly indebted to Plaintiff(s) for *return of the following described Property:*

_____ valued at $ _____

**AND** there are not counterclaims existing in favor of Defendant(s) against Plaintiff(s) except: _____

PLAINTIFF(S) REQUEST(s) a judgment for a sum of money against Defendant(s), plus pre-judgment interest, plus reasonable attorney fees, plus all costs of court, plus post-judgment interest at the highest legal rate.

_____
**Plaintiff's Attorney**

_____
Address and Suite No.

_____
City                State              Zip

_____
Phone              Fax

_____
Bar Card # _____

ANY LEGAL QUESTIONS WILL NOT BE ANSWERED BY THIS COURT.
LEGAL AIDE: 214-748-1234

*Information on Small Claims can be found at: Website: www.JudgeMO.org*

**Unsworn Declaration**
*(Texas Civil Practice and Remedies Code, Section 132.001)*

I am the   __X__ Plaintiff   _____ Attorney of Record for the Plaintiff in this proceeding
Lucas Horton
**Printed Name**
1202 Stratford Dr Richardson, TX 75080
*Street Address/City/ State/Zip*
214-909-3341
**Phone Number/Fax Number**

I declare under penalty of perjury that all information in the attached document titled, Statement of Claims, is true and correct.

Penalty for making or using a false affidavit – a person who makes or uses an affidavit knowing it to be false, shall be fined as provided in title 18 United States Code, or imprisoned for not more than one year, or both.

_____
**Signature**

11-10-20
**Date**

*Judge Margaret O'Brien, Justice of the Peace 2-1*
*140 N. Garland Avenue, Garland, TX 75040*
*Phone: (214) 643-4773   Fax: (214)643-4772*
*Website: www.JudgeMO.org*

| | | |
|---|---|---|
| **LUCAS HORTON,** | § | IN THE DALLAS COUNTY |
| **Plaintiff,** | § | |
| | § | JUSTICE COURT |
| **v.** | § | |
| | § | |
| | § | PRECINCT 2, PLACE 1 |
| **Med-Sense Guaranteed** | § | |
| **Association** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **DALLAS, TEXAS** |

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint against Med-Sense Guaranteed Association, Inc. ("Defendant") to stop Defendant's practice of using 3rd party marketing companies to place telemarketing calls to consumers that feature an artificial and/or prerecorded voice and obtain damages and other redress caused by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## JURISDICTION & VENUE

1. The Court has subject matter jurisdiction over this action pursuant Texas Business and Commerce Code 305.053 ("TX 305") and 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA").

## 1. PARTIES

2. Plaintiff is an individual who resides in Dallas, Dallas County, Texas.

3. Defendant is a corporation incorporated and existing under the laws of the State of Illinois whose primary place of business and corporate headquarters is located at 917 Clocktower Dr, STE. 100, Springfield, IL 62704

## 1. COMMON FACTUAL ALLEGATIONS

4. Defendant uses proxies to place unwanted telemarketing calls to solicit consumers to purchase health insurance plans.

5. All of the calls at issue in this case were made on behalf of, for the benefit of, or with the knowledge and approval of Defendant.

6. Unfortunately for consumers, Defendant, in an attempt to sell more health insurance plans, engaged in an aggressive telemarketing campaign that includes violating the TCPA thousands of times a day.

7. Specifically, Defendant (or a third-party acting on its behalf and for its benefit) places unsolicited telemarketing calls to consumers that sometimes feature an artificial and/or prerecorded voice messages selling health insurance.

8. Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing, Defendant (or a third-party acting on its behalf or for its benefit) places repeated calls to consumers who have never provided consent (either orally or in writing) to receive such calls. By placing the calls without first obtaining prior express written consent, Defendant plainly violates the Texas Business and Commerce Code 305.001, and TCPA 47 U.S.C. § 227, *et seq.*

9. By making unauthorized telemarketing calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing calls and other interruption in use, cellular minutes, loss of value realized for

the monies consumers paid to their carriers for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans. The calls also reduce Plaintiff's productivity.

10. Furthermore, Defendant (or a third-party acting on its behalf and for its benefit) made the calls knowing that the calls trespassed against and interfered with Plaintiff use and enjoyment of, and the ability to access, their telephones, including the related data, software, applications, and hardware components.

11. Defendant knowingly made, and continues to make, repeated prerecorded telemarketing calls to consumers' telephones without the prior express consent of the recipients.

12. As such, Defendant not only invaded the personal privacy of Plaintiff it also intentionally, repeatedly, and willfully violated the TCPA.

13. The calls were made by or on Defendant's behalf and with its knowledge and approval. Defendant knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

14. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case.

15. In response to Defendant's unlawful conduct, Plaintiff files the lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

### 1. FACTS SPECIFIC TO PLAINTIFF

16. Plaintiff is the owner and customary user of a cellphone number ending in 3341.

17. At no time did Plaintiff ever provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents or contractors, with prior express consent to call.

18. Plaintiff was called by (779)-680-8982 on 8/29/2019, by (737) 238-2962 on 9/18/2019 and 9/23/2019, by (925)-239-0571 on 10/4/2019. Each of these calls was offering health insurance. Plaintiff pressed 2 to talk to a person and tried to buy insurance to find out who was calling. Plaintiff went along with the process until someone asked him to verbally release Defendant of TCPA liability. Plaintiff balked and was hung up on each time.

19. After that, Plaintiff consulted an attorney and was told that a verbal release didn't count, so, on 10/14, when plaintiff was called by 888-636-3834, Plaintiff completed a dummy sale to identify who was calling and purchased a plan with a group number of 001AFXH, Plan level: 100A, and member ID HCP4715900 and INA48897800.

20. The call was made by or on behalf of Defendant for the purpose of selling Defendant's products and services. Here, the call was made by employees or agents of Defendant, at the direction of Defendant, in accordance with a contract with Defendant, and with Defendant's substantial oversight and control.

21. Defendant knew about the calls and ratified them by approving them and/or knowingly receiving the benefits from them, and otherwise benefitted from the calls.

22. All of the calls attempted to solicit Plaintiff to purchase the health insurance plans that Defendant is a party to.

23. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendant, had never provided his telephone number directly to Defendant, and

had never requested that Defendant place calls to him or to offer him any services.

24. Simply put, Plaintiff has never provided any form of prior express consent to Defendant, or to anyone acting on Defendant's behalf, to place telemarketing calls to his phone number.

25. Defendant was, and still is, aware that the above-described telemarketing calls were made to consumers like Plaintiff who never provided prior express consent to receive them.

26. To redress these injuries, Plaintiff, brings this suit under the TX 305 and TCPA, which prohibit unsolicited telemarketing calls to consumers' telephones and demands $1500 per call ($7500 total) together with costs and pre- and post-judgment interest.